Dumont v. The Roman Catholic Church of Ascension.

CLAUDOT DUMONT v. THE ROMAN CATHOLIC CHURCH OF ASCENSION.

An undertaker, having contracted with defendants to erect a building for them, employed plaintiff to furnish the materials for the roof, and to construct it. By a resolution, the defendants subsequently stipulated with the undertaker, that they should retain the cost of the roof out of the amount due to the undertaker, to be paid to plaintiff on the order of the undertaker. It was proved that defendant's retained, at the date of the resolution, a sum sufficient to pay for the roof, and that·it was not paid out in conformity to their stipulation, on the order of the undertaker. In an action by plaintiff for the cost of the roof: *Held*, that any payments made without the order of the undertaker, were irregular, and cannot prejudice plaintiff's right to recover. C. C. 2744. Judgment against defendants for the cost of the roof.

APPEAL from the District Court of Ascension, *Nicholls*, J.

*C. A. Johnson*, for the appellant.

*Ilsley*, *Nicholls*, *Duffel* and *Bodin*, for the defendants.

BULLARD, J. The defendants having contracted with one Voilquin, to construct them a church, the latter employed the plaintiff to put on the roof, and furnish the materials, for $1650, which it was first agreed should be slate, but was afterwards changed to zinc, with the consent of the defendants. The plaintiff having performed the job, obtained the certificate of the architect, and his order on the Church Wardens, for the price agreed on ; but payment was refused, and the present action brought.

The defendants admit, that they did contract with Voilquin for the construction of a church, and that the contract was so modified afterwards, as to permit him to substitute zinc for slate, in the construction of the roof; but they deny that they ever contracted, either directly or indirectly, with the plaintiff ; and they aver, that he has no claim on them, they having long since paid, or assumed to pay, on account of materials furnished for, and labor done upon said church, under their contract with Voilquin, more than they were bound to pay. They further aver, that if they are in any manner bound to the plaintiff for the work, or any part of it, which, however, they deny, the work was unskilfully done ; that they never accepted the roof, and that the plaintiff is

liable in damages, which, to the amount of $5000, they plead in reconvention and compensation.

There was a verdict against the plaintiff, as to his demand ; and, in his favor, upon the reconventional demand of the defendants, which being followed by a judgment, the plaintiff appealed, after a vain attempt to obtain a new trial.

According to the first contract with Voilquin, as evidenced by a resolution of the Board of Church Wardens, a written contract, he was to receive $19,000 for the construction of the church, payable monthly, from and after the'1st of April, 1840, at the rate of $1000 per month, and was to show the employment of the money as fast as paid. This agreement was afterwards modified by a resolution of the Church Wardens, in September, 1841. They made a further allowance to the undertaker, of $500 ; and resolved, that the amount then due him should be retained by the Church Wardens, and paid to the workmen employed "*pour le couverture de l' église*," on the order (mandat) of Voilquin, as the work shall have been done, to the amount that shall remain due. Voilquin, by the new agreement, was to receive $100 a month, as superintendent. In June, 1841, an additional sum of $2000 had been allowed to the undertaker.

The plaintiff having completed the roof according to contract, about the middle of December, 1841, obtained the certificate of the architect to that effect, and his written order on the Wardens, for the amount agreed upon.

Two things appear to us very satisfactorily shown, to wit: *first*, that there was a sufficient fund retained by the defendants to pay for the roof at the date of the resolution ; and, *secondly*, that the whole was not paid out in conformity to their contract, on the order of the undertaker. Any payments made without such order were irregular, and calculated to disappoint the just expectations of the plaintiff, who had a right to count upon the promise of the defendants. Such payments were, in substance, anticipated payments, and cannot be permitted to prejudice the plaintiff's right. The verdict has negatived the averment that the roof was unskilfully made. The case is analogous to that

of *Girarthy* v. *Campbell*, *ante*, p. 378. Civil Code, art. 27, 44. 14 La. 44.

The judgment of the District Court is, therefore, reversed, an d it is ordered and decreed, that the plaintiff recover of the defendants, sixteen hundred and fifty dollars, with interest at five per cent from judicial demand, and costs in both courts.